IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF KANSAS

**LEONA WALKER**,                                        Plaintiff,

vs.                                                                    Case No.

**RYAN D. MCCARTHY,** Secretary of the Army          Defendant.

## COMPLAINT

**COMES NOW** Leona M. Walker, and for her Complaint over and against Defendant states and alleges as follows:

1. Plaintiff is an individual residing in the State of Kansas, and County of Geary.

2. Defendant, is the Secretary of the United States, Department of the Army (hereafter referred to as "Defendant") which term shall include Army Defendant's representatives and agents, including but not limited to the United States Army Department of Medical Activity officials and agents, assigned or formally assigned to Irwin Army Community Hospital (IACH) at Fort Riley, Kansas.

3a. Plaintiff hereby charges Defendant with discriminatory, and unlawful employment practices, expressly prohibited by 42 U.S.C. § 2000e-2.

3b. Plaintiff further charges Defendant with retaliatory employment practices, also expressly prohibited, by 42 U.S.C. § 2000e-3.

4. On April 6th, 2020, Defendant took final action on Plaintiff's Complaint filed with the Equal Employment Opportunity Commission in Case No's 560-2018-00002X, 560-2018-00103X and 560-2018-00107X and denied Plaintiff's complaint of unlawful and discriminatory employment practices.

**COMPLAINT**                                              --2--

      5.      This Court possesses jurisdiction of the subject matter of this action pursuant to 28 U.S.C. § 1343 and 1346.

      6a.     Plaintiff hereby charges Defendant with racially discriminatory and unlawful employment practices, consisting of but not limited to Defendant's subjection of Plaintiff to a hostile and intimidating work environment due to Plaintiff's race, contrary to 42 U.S.C. §200e-2.

      6b.     Plaintiff further charges Defendant with retaliatory and unlawful employment practices, consisting of but not limited to Defendant's subjection of Plaintiff to a hostile and intimidating work environment due to Plaintiff's prior protected activity, contrary to 42 U.S.C. §200e-3.

      7.      At the time of the events and occurrences which are the subject of this complaint, Plaintiff ably served Defendant as a Certified Nurse Case Manager at Irwin Army Community Hospital or the Warrior Training Battalion (WTB).

      8.      Complainant has long been labeled and regarded by the Defendant as a troublemaker and "angry black woman" due to her opposition to racism in the workplace and complaints she has filed of ongoing racially discriminatory and retaliatory employment practices against her.

      9.      This mischaracterization of Plaintiff has been carried out and perpetuated by IACH management in order to create and maintain a hostile work environment intended to result in Plaintiff's resignation from IACH, and to inflict emotional and physical distress and suffering by Plaintiff until she does.  Examples of said hostile work environment, include but are not limited to the following:

**COMPLAINT**                              --3--

      10a.    On November 2016 CPT Kristy Chester at the direction of LTC Douglas WayneAndresen issued Plaintiff a memorandum for record, and verbal counseling for submitting a draft application for Special Compensation for Assistance with Activities for Daily Living (SCAADL).

      10b.    A SCAADL packet is a complicated process that has many changes made to it and requires many checks and balances and signatures before it is accepted by Central Medical Region. Plaintiff had sent the packet forward to Central Medical Region and others to make sure all information was correct because Central Medical Region was the SCAADL subject matter expert. Sending a SCAADL packet off to Central Medical Region is routine. The return of SCAADL packets from Central Medical Region for corrections and resigning of the packet is also routine.

      10c.    Nonetheless, Plaintiff was counseled for being involved in the routine processing of a SCAADL packet.

      10d.    Plaintiff received this counseling for doing her job as reprisal for her previous EEO complaints.

      10e.    When asked to justify the counseling, CPT Chester could only say she was told to issue the memorandum even though Plaintiff had done nothing more with the SCAADL packet that what CPT Chester had directed her to do, and what other NCM's routinely do with SCAADL packets.

      11a.    On April 11, 2017, Plaintiff received a verbal counseling, followed by a Developmental Counseling Form on April 14, 2017, regarding her performance from one of Plaintiff's supervisors: Major (MAJ) Mary Ugaddan.

**COMPLAINT**                                --4--

11b.    In the following month, MAJ Ugaddan refused to give a rating on one of Plaintiff's performance elements of Plaintiff's job performance due to Plaintiff's pending EEO complaints.

11b.    MAJ Ugaddan's counseling and refusal to fully rate Plaintiff's performance was without factual or regulatory basis, and was intended as reprisal against Plaintiff, without regard for Plaintiff's demonstrated, excellent job performance and commitment to the soldiers in Plaintiff's care.

11c.    When the counseling issued, MAJ Ugaddan had been supervising Plaintiff for but a short period of time.  MAJ Ugaddan informed Plaintiff that she resented Plaintiff for causing MAJ Ugaddan to become involved in an EEO complaint, which had never happened to MAJ Ugaddan until she was assigned to the WTB, and then became involved with a pending EEO complaint filed by Plaintiff.

11d.    MAJ Ugaddan told Plaintiff that she had been informed of Plaintiff's prior EEO activity, and asked Plaintiff why she stayed at the WTB given Plaintiff's EEO complaints.

11e.    As a result of MAJ Ugaddan's refusal to rate Plaintiff due to pending EEO Complaints, Plaintiff did not receive a bonus, performance awards and other recognition for job performance which was not only warranted by Plaintiff's job performance, but was received by every other similarly situated employee at the WTB.

12a.    Also in 2017, another supervisor, a MAJ David Raines interfered with Plaintiff's application to attend a Case Management Society of America conference.  Plaintiff complained to MAJ Raines' supervisor, COL Melton, and shortly afterwards on Friday June 23, 2017 at approximately 4:30 p.m., without any notice to Plaintiff, MAJ Raines appeared in Plaintiff's

**COMPLAINT**                               --5--

office and tossed an approved application to attend the conference on Plaintiff's desk and told Plaintiff she needed to be on the plane that Sunday.

12b.   Plaintiff then informed MAJ Raines that she had been ordered by MAJ Ugaddan, if she were going to the conference, to bring a laptop with her to the conference in order to stay in touch with her patients, and that she had cancelled hotel reservations because she had not been timely informed that she would be going to the conference.  Plaintiff could not hand off patient care to MAJ Ugaddan at that point, because MAJ Ugadden was then on leave.

12c.   In response, MAJ Raines asked Plaintiff if her hyphenated surname "Black-Walker" was a reference to her race or was actually her name, and told her that he had interrupted somebody eating watermelon in order to get her packet approved.

12d.   When informed of the situation Plaintiff's supervisor ordered Plaintiff to stand down and not attend the conference, due to lack of arrangements for continuity for patient care. MAJ Raines, fully informed of the reason that Plaintiff would not be in attendance, simply informed the travel department that Plaintiff refused to get on the plane.

13.   As a result of continuing discriminatory and retaliatory actions and the hostile and intimidating work environment maintained by IACH against Plaintiff, Plaintiff has suffered damages in an amount exceeding $75,000 and continues to suffer physical and emotional pain and suffering for which she has required evaluation and treatment by health care providers, which continues to this date.

**WHEREFORE**, Complainant prays the Court issue its judgment and decree the Defendant has committed racially discriminatory and unlawful employment practices against Plaintiff; that Defendant has created and maintained a hostile and intimidating work environment

**COMPLAINT**                                          --6--

for Plaintiff, that the Court award Plaintiff compensatory damages in an amount exceeding $75,000; for an Order requiring comprehensive equal employment opportunity training at Irwin Army Community Hospital, and Ft. Riley, Kansas and such other equitable relief necessary to prevent Plaintiff and others similarly situated, from being subjected to any further ostracization or retaliation as a result of prosecuting this complaint, for her attorney fees and costs incurred herein, and for such other and further relief which the Court deems just and equitable.

RESPECTFULLY SUBMITTED,

/s/ Peter Charles Rombold
Attorney for Plaintiff
Ks. S. Ct. No. 11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD
811 North Washington Street
Junction City, KS  66441
Attorneys for Plaintiff
(785) 238-3126
(785) 238-1717 (fax)
E-mail:rombold@hooverlawfirm.com

**Demand for Trial by Jury**

Comes Now Plaintiff, by and through one of her attorneys, Peter Charles Rombold, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold and on behalf of Plaintiff hereby demand trial by jury on the Complaint in Kansas City, Kansas.

/s/    Peter Charles Rombold, #11539
HOOVER, SCHERMERHORN,
EDWARDS, PINAIRE & ROMBOLD